# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

IN RE ARBY'S RESTAURANT GROUP  §

                               §Civil Action No. 1:17-CV-1035-AT

DATA SECURITY LITIGATION       §

## MOTION FOR PROTECTIVE ORDER

USAA Savings Bank, a Nevada banking institution, has received a confusing and strange subpoena which discusses a data intrusion, but does not identify when the intrusion took place, though it implies that the intrusion involved Arby's Restaurants. Accordingly, USAA Savings Bank files this Motion for Protection.

## FACTUAL BACKGROUND

USAA Savings Bank received through its corporate agent for service of process a subpoena demanding production of documents on August 27, 2018. *See Ex. 1, Subpoena*. The subpoena asks USAA Savings Bank:

- To provide all documents concerning a data intrusion that occurred involving Arby's restaurants (the dates of the intrusion are not specified);

- To identify every person who may have any knowledge about this Arby's data intrusion;

- To explain what USAA Savings Bank did when it found out that Arby's restaurants had suffered an data loss; and

- To identify every customer at USAA Savings Bank affected and how much money these customers may have lost.

USAA Savings Bank thus has been asked to search its records, find every document relating to a data intrusion that happened at another company at an unknown time, identify every person who knows anything about this data breach, and identify every customer affected by this data breach. USAA Savings Bank objects and files this Motion for Protective Order.

## STANDARDS

Rule 26 permits any person from whom discovery is sought to seek a protective order from the Court where the action is pending. FED. R. CIV. P. 26(c). Here, the subpoena calls for a production to take place in Las Vegas, Nevada. *See Ex. 1, Subpoena*.

Rule 45 provides that "On timely motion, the court for the district where compliance is required ___***must quash***___ or modify a subpoena that: . . . (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d) (emphasis added). As demonstrated more fully below, the party here seeking discovery has not given USAA Savings Bank an adequate idea of what data intrusion is at issue or when the data intrusion took place, and this places an undue burden on USAA Savings Bank.

# ANALYSIS

## I.  THE SUBPOENA DOES NOT IDENTIFY THE DATA BREACH.

USAA Savings Bank cannot comply with the subpoena because it does not identify the data breach at issue nor tell USAA Savings Bank when this data breach occurred. *See Ex. 1, Subpoena*. Instead, the subpoena tells USAA Savings Bank that, if USAA Savings Bank wants to know what information is to be produced regarding the "intrusion," then USAA Savings Bank should log on to the ECF Filing System and read Document 107 of the present action.

It is not right for a party to serve a subpoena and then to tell the party being served that it should go and *conduct research* in the pleadings to determine the topic of the subpoena. USAA Savings Bank objects to the undue burden of being expected to hire attorneys to go and specially research the pleadings to find out the topic of the subpoena.   Further, USAA Savings bank objects to the lack of specificity in the subpoena.

## II. THE SUBPOENA DOES NOT GIVE ENOUGH TIME FOR COMPLIANCE.

Additionally, the Court should enter a protective order because the subpoena does not give enough time for compliance. Here, the subpoena asks USAA Savings Bank to identify a data intrusion that happened to another company, then to determine what each and every person affiliated with USAA Savings Bank knows about the unidentified data intrusion, and then to review each and every customer account to see

if each customer, or any customer, was affected by the data intrusion. USAA Savings Bank was expected to accomplish these herculean tasks in a mere 24 days -- which is simply not enough time for compliance.

## III. THE SUBPOENA SUBJECTS USAA SAVINGS BANK TO UNDUE BURDEN.

Moreover, the subpoena subjects USAA Savings Bank to an undue burden. The subpoena, as written, asks USAA Savings Bank to review all its customer records and find out if any customer had their account number compromised after using their USAA Savings Bank credit card at a restaurant, and then to determine the precise type of fraud and identify the amount of damages therein. The cost of undertaking this sort of research would be staggering -- it would, in essence, force USAA Savings Bank to perform extensive research for plaintiffs on all of USAA Savings Bank's customers.

So that the record is clear, USAA Savings Bank does not store information about credit cards in the manner which makes it easy to find the sort of information sought by the subpoena. Instead of storing information about the type of data breaches at retailers that may damage customers, USAA Savings Bank instead handles customer complaints when the customer states that his or her credit card number has been compromised. While it does investigate when credit cards are compromised, the unfortunate fact is that customers have their debit cards and credit card compromised in so many ways that it would be near impossible to cross-reference the compromised

4

cards and the source of the loss.  Asking USAA Savings Bank to now try to create

such information is unfairly burdensome, and improperly attempts to force USAA

Savings Bank to bear an expense that has nothing to do with its business.

## IV.  THE SUBPOENA SEEKS PRIVATE CUSTOMER RECORDS

Finally, the subpoena improperly seeks customer records which are private

financial records of customers. There is no reason why these customer's records

should be disclosed as part of a litigation without the customers' permission.

## CONCLUSION

The Court, for all the reasons stated, should quash the purported subpoena.


Respectfully Submitted,


LEVY PRUETT CULLEN

/s/ Susan J. Levy
SUSAN J. LEVY
Georgia Bar No. 004310
*Attorney for USAA Savings Bank*
LEVY PRUETT CULLEN
125 Clairemont Avenue
Two Decatur TownCenter, Suite 550
Decatur, Georgia 30030
Telephone:  (404) 371-8857
Facsimile:   (404) 371-8882

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, this is to certify that the foregoing **MOTION FOR PROTECTIVE ORDER** complies with the font and point selections approved by the Court in L.R. 5.1C.  The foregoing document was prepared on a computer using Times New Roman 14 point font.

/s/ Susan J. Levy
SUSAN J. LEVY
Georgia Bar Number: 004310
*Attorney for USAA Savings Bank*

## CERTIFICATE OF CONFERENCE

On August 27, 2018, at approximately 10:30 AM Texas time, I called Joshua P. Gunnemann, Rogers & Hardin, LLP, 229 Peachtree St., NE, 2700 Int. Tower, Atlanta, GA 30303, at 404-420-4653. He was not available, and, due to the exigencies of production, my client asked that this motion for protective order be filed.

*Theodore Schultz*
_____
Theodore Schultz
Of Counsel – USAA Savings Bank
State Bar No. 00797393
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602

7

**CERTIFICATE OF SERVICE**

On this day, I served a copy of the foregoing on all counsel of record in this case using the ECF system.

James J. Pizzirusso (pro hac vice)
Hausfeld LLP
1700 K. St. NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
*Co-Lead Counsel for Plaintiffs in*
*Consolidated Financial Institution Case*

John R. Bevis
Barnes Law Group
31 Atlanta Street
Marietta, GA 30060
Tel: (770) 227-6375
Fax: (770) 227-6373
*Co-Lead Counsel for Plaintiffs in*
*Consolidated Consumer Case*

Robert R. Remar
Rogers & Hardin LLP
2700 International Tower
229 Peachtree St. NE
Atlanta, GA 30303
Tel: (404) 522-4700
Fax: (404) 525-2224

Douglas H. Meal (pro hac vice)
Mark P. Szpak (pro hac vice)
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
*Counsel on Behalf of Arby's Restaurant Group, Inc.*

8

This 27th day of August, 2018.

LEVY PRUETT CULLEN

/s/ Susan J. Levy
SUSAN J. LEVY
Georgia Bar No. 004310

LEVY PRUETT CULLEN
125 Clairemont Avenue
Two Decatur TownCenter, Suite 550
Decatur, Georgia 30030
Telephone:  (404) 371-8857
Facsimile:   (404) 371-8882