# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: Arby's Restaurant Group, Inc. Data Security Litigation<br><br>CONSOLIDATED CONSUMER CASE | Case No.   1:17-cv-1035-WMR |

### DECLARATION OF ROY E. BARNES IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COST REIMBURSMENT

Pursuant to 28 U.S.C. § 1746, I, Roy E. Barnes, declare as follows:

1.  I am making this Declaration in support of the Plaintiff's unopposed motion for award of attorneys' fees, costs, expenses, and service awards. I have also submitted a Declaration in support of final approval of the proposed settlement, detailing the reasons why I believe it is fair and reasonable.  In further support of the payment of attorneys' fees, costs, expenses, and service awards, I declare:

2.  I am the Senior Partner of Barnes Law Group, LLC, a law firm that specializes in complex civil litigation.  My firm is located in Marietta, Georgia.

3.  I am licensed to practice law in Georgia, and am admitted to practice in a number of courts other jurisdictions, including the Supreme Court of the United States, the Eleventh Circuit Court of Appeals, and this Court.  I have been admitted *Pro Hac Vice* in multiple cases in state and federal courts in multiple jurisdictions.

I have never had any disciplinary proceedings by any state bar concerning my provision of legal services.

4.  I graduated *cum laude* from the University of Georgia School of Law in 1972. In over forty five years of practicing law, I have tried civil and criminal cases throughout the country. I have appeared in numerous cases in the state and federal appellate courts, and have appeared as counsel in more than 250 reported appellate cases.

5.  My firm regularly handles complex litigation matters. I served as class counsel in a successful class action lawsuit against Fleet Finance that received national recognition in the early 1990s. I have served as class counsel in multiple class actions, including but not limited to, the following cases:

   a) *Evans v. USA Payday*, State Court of Dekalb County, Georgia, Case No. 04A-23913-7.

   b) *King v. Advance America*, State Court of Cobb County, Georgia, Case No. 2004A 7102-6.

   c) *Greene v. Cash America Int'l, Inc.*, State Court of Cobb County, Georgia, Case No. 2004A 7104-6.

   d) *Parker v. American Medical Security*, Superior Court of Cobb County, Georgia. Case No. 04-1-1980-42.

   e) *Kahn v. Fortis Insurance Company*, State Court of Fulton County, Georgia, Case No. 2004 VS 074998F.

f) *A Fast Sign Company, Inc. v. American Home Services, Inc.* (Superior Court of Fulton County, Georgia, CAFN: 2003-CV-77276).

g) *In re Home Depot* (appointed as liaison counsel), USDC, N.D. Georgia, Atlanta Division, CAFN: 1:14-md-2583.

h) *Cox v. Community Loans of America*, USDC, M.D. Georgia, Columbus Division, CAFN: 4:11-cv-177.

i) *In re Equifax* (appointed as liaison counsel) (case pending), USDC, N.D. Georgia, Atlanta Division, CAFN: 1:17-md-2800.

j) *Gold v. DeKalb County* (class certification pending), Supreme Court of Georgia Case No. S18C1419; Superior Court of Dekalb County, Georgia, Case No. 11CV3657.

k) *In re Arby's Restaurant Group, Inc. Data Security Litigation* (approved as class counsel for Consumer Plaintiffs) (settlement preliminarily approved), USDC, N.D. Georgia, Atlanta Division, CAFN: 1:17-mi-55555 & 1:17-cv-1035.

l) *Mitchell v. Regions Bank* (approved as counsel for the settlement collective), USDC, N.D. Georgia, Atlanta Division, CAFN: 2:17-cv-0100-RWS.

5.  Over the years, I have tried many complex civil cases to successful verdict, and have demonstrated the ability to obtain quality results for my clients in complex matters. *See, e.g. Gates v. Syrian Arab Republic* (Case No. 1:06CV01500, USDC DC) ($412 million judgment); *First Center, Inc. v. Delta Comm. Credit Union* (Superior Court of Cobb County, Georgia, CAFN: 10-1-7719-40) ($75 million judgment). I have successfully litigated multiple catastrophic injury and death cases involving allegations of defective component parts and complex medical

3

malpractice cases. *See, e.g., Floyd v. Bic Corp.* (Case No. 1:89-cv-401-RLV, ND Ga.); *Wilson v. Obstetrics & Gynecology of Atlanta, P.C.* (State Court of Fulton County, Georgia, CAFN: 2008-EV-003898B).

6. Collectively, the lawyers at the Barnes Law Group have successfully obtained judgments and settlements in excess of $1 billion.

7. In addition to my law practice, I have been active in public service throughout my adult life. I have won more elections than I can remember, and I have lost more elections than I care to remember.

8. At the age of twenty-six, I was elected to the Georgia State Senate. There, I served a total of eight terms, and was a member of the Appropriations, Rules, and Transportation committees. I was the Chairman of the Senate Select Committee on Constitutional Revision, which rewrote the state's constitution, and the Chairman of the Judiciary Committee. I also served as Governor Joe Frank Harris's floor leader from 1983 until 1989.

9. In 1992, I was elected to the State House of Representatives, where I served for six years and was Vice Chairman of the Judiciary Committee and Chair of the Subcommittee on General Law.

10. From 1999 until 2003, I served as the 80th Governor of the State of Georgia. In 2003, I resumed the private practice of law.

11. I have actively managed and overseen this case. Among other tasks, Class Counsel have performed the following substantive work in pursuing these claims against Arby's:

   a. Drafting a complaint, Consolidated Consumer Class Action Complaint, and Second Amended Consolidated Consumer Class Action Complaint;

   b. Researching precedent discussing a defendant's duty to safeguard customers' personally identifiable information, sufficiency of damages in payment card data breach cases, the applicability of state and federal statutes and common law in data breach actions, and various other points of law associated with data breach actions;

   c. Responding to two motions to dismiss;

   d. Reviewing Defendant's Answer;

   e. Drafting the Joint Preliminary Report and Discovery Plan; negotiating various case management orders; drafting the Plaintiff's Initial and Supplemental Disclosures, reviewing the Defendant's Initial Disclosures;

   f. Drafting Plaintiff's discovery requests to the Defendant and to third parties;

g. Participating in multiple discovery meetings and conferences with Defendant's counsel to discuss, among other things, the scope of discovery, sufficiency of written discovery responses, and issues related to discovery of ESI;

h. Preparing Plaintiffs' discovery responses and reviewing Defendants' discovery responses, including document production;

i. Drafting correspondence used in settlement negotiations after consultation with the Plaintiff;

j. Preparing for and attending mediation;

k. Negotiating over the terms of the Settlement Agreement;

l. Attending regularly-scheduled status conferences;

m. Research and drafting the Brief in support of the motion seeking preliminary approval of a class action settlement;

n. Monitor the implementation of the Notice Plan and settlement administrations; and

o. Research and drafting the Memorandum in support of the motion seeking final approval for the settlement, and attachments.

12. Based on my experience and work on this case, it is my belief that we were able to help Class Members obtain a very favorable result. The relief of up to

$2 million provided to Class Members is comparable to recoveries in similar cases. I believe that the work done by Class Counsel achieves this result. I believe that the requested $980,000 for fees and $35,000 for expenses (which, along with the service awards and costs of notice and administration our separate from and in addition to the $2 million provided to Class Members) is reasonable.

13. The hours expended and the rates charged by the Barnes Law Group, LLC show the reasonableness of the fee request. In the course and scope of my law practice, I am familiar with the market for legal services in the Atlanta area. My opinions are based on my personal experience and familiarity with applicable law, rules, fee awards, practical considerations, and prevailing market rates. Additionally, my firm regularly researches historic and public data to implement the appropriate hourly rates for use in complex litigation matters in the Atlanta legal market. Based on the above, I have established hourly rates for attorneys and staff at our firm. I have determined this rate schedule is appropriate for this type of case. (It is also important to note, that in appropriate cases, my firm has charged clients and/or been approved by courts at higher rates.). The rates for attorneys and staff who performed work in this case, and the amount of time they spent working on this case (through May 2, 2019), are as follows:

| Position | Rate | Time | Lodestar |
|---|---|---|---|
| *Paralegal* | $165.00 | 195 hours | $32,175 |
| *Ben Rosichan (Associate)* | $350.00 | 367.5 hours | $128,625 |
| *Cameron Tribble (Partner)* | $550.00 | 800 hours | $440,000 |
| *John Bevis (Partner)* | $675.00 | 100.4 hours | $67,770 |
| *Roy E. Barnes (Founding Partner)* | $750.00 | 60.4 hours | $45,300 |
| ***Total*** | | 1,523.3 hours | $713,870 |

14.     In addition to myself, three other attorneys from my office incurred significant time working on this case: Cameron Tribble, John Bevis, and Ben Rosichan.

15.     John Bevis is my firm's managing partner.  He is a graduate of the Florida State University College of Law.  He has actively participated and/or been approved as class counsel in the *Evans, King, Greene*, *Kahn*, *Home Depot*, *Cox*, *Equifax*, and *Mitchell* matters referenced above.  Additionally, he represents the State of Georgia as the Specially Appointed Attorney General (SAAG) in Opioid Litigation, styled *State of Georgia v. Purdue Pharma LLP, et al.*, Case No. 19-A-00060-B (State Court of Gwinnett County, Georgia).  He also leads my firm's litigation against Johnson & Johnson and its talc suppliers, serving as lead counsel

8

in approximately 50 ovarian cancer claims being pursued throughout Georgia under the state's asbestos statute, OCGA §§ 51-14-1 *et seq.* He was recently appointed to serve on the Personal Injury Claimants' Committee for the Chapter 11 reorganization of Imerys Talc America (Bankr. D. Del. Case No. 19-10289(LSS)), Johnson & Johnson's sole talc supplier.

16. Cameron Tribble is a partner at my firm. He is a graduate of the University of Georgia Law School, *cum laude*, who served as a law clerk for the Honorable Thomas W. Thrash, Jr., Chief Judge of the Northern District of Georgia. He has actively participated and/or been approved as class counsel in the *Greene*, *Kahn*, *Home Depot*, *Cox*, *Equifax*, and *Mitchell* matters referenced above.

17. Ben Rosichan is an associate at my firm. He is a graduate of Georgia State University College of Law, *summa cum laude*. He has been an active participant in this case and *Equifax*. Additionally, he is counsel in all aspects of the firm's talc powder litigation against Johnson & Johnson and worked with the Personal Injury Claimants' Committee in the Imerys Talc America bankruptcy.

18. I supervised each attorney's work at all stages of this case. We are a small firm that primarily works on contingency, which requires that we use our resources and time judiciously. Having actively managed this case, it is my opinion that we obtained this result efficiently. The expenditure of hours from lawyers and

staff in my firm was reasonable and necessary to prosecute this matter given the factual and legal issues involved in a large consumer data breach case.

19. As of May 1, 2019 (before the finalization of the completion of the motion for final approval of the settlement agreement), the total Lodestar for the work from my firm alone amounted to $713,870.

20. My firm also advanced expenses and costs in prosecuting this matter. To date, my firm has incurred expenses that amount to $17,282.73. The total expenses incurred were reasonable and necessary to prosecute the case. I understand that Class Counsel collectively has incurred in excess of $35,000 in expenses, which were also reasonable and necessary.

21. Given that Class Counsel's collective lodestar far exceeds the agreed-upon amount of $980,000 in attorneys' fees set forth in the Settlement Agreement, and given that the amount of fees would amount to approximately 30% of the total relief available to the Class, it is my opinion that the requested fee is reasonable. Further, it is my opinion that a reimbursement of $35,000 for expenses is reasonable.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of May, 2019.

                                         _/s/ Roy E. Barnes_____
                                         ROY E. BARNES