IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Arby's Restaurant Group, Inc. Data Security Litigation<br><br>CONSOLIDATED CONSUMER CASE | Case No. 1:17-cv-1035-WMR<br>[Member case]<br><br>Case No. 1:17-mi-55555-WMR<br>[Master case] |

## FINAL APPROVAL ORDER AND JUDGMENT

On November 30, 2018, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 177) of the settlement (the "Settlement") between Plaintiffs Jacqueline Weiss, Joseph Weiss, Ashley Russell, Brett Barnes and Burnell Rutters, ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Arby's Restaurant Group, Inc. ("Arby's"), as memorialized in the Settlement Agreement, which is Exhibit 1 (Doc. 169-2) to Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class;[1]

On January 14, 2019, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreements except as may otherwise be indicated.

1

of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing;

On June 4, 2019 the Court held a final approval hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice.  Prior to the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order.  Therefore, the Court is satisfied that Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs and expenses to Class Counsel, and the payment of service awards to the Representative Plaintiffs.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Arby's, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined

that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses, and the application for service awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement including all Released Claims, and the plans for implementation and distribution of the settlement benefits. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6. No objections were filed by Settlement Class Members.

7. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. No putative Class Members timely or validly elected to opt out of the Settlement Agreement and the Settlement Class.

## **CLASS CERTIFICATION**

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons residing in the United States who used a debit or credit card to make a purchase at an Affected Location during its Exposure Window. The Settlement Class specifically excludes: (i) Arby's and its officers and directors; (ii) the Judge or Magistrate Judge to whom the action is assigned and, any member of those Judges' staffs or immediate family members; (iii) all Opt-Out Members; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

10. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

11. The Court grants final approval to the appointment of Plaintiffs Jacqueline Weiss, Joseph Weiss, Ashley Russell, Brett Barnes and Burnell Rutters as Representative Plaintiffs. The Court concludes that the Representative Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of Roy E. Barnes, John R. Bevis and J. Cameron Tribble of Barnes Law Group, LLC and Stuart J. Guber and Timothy J. Peter of Faruqi & Faruqi, LLP as Lead Counsel and John A. Yanchunis and Jean Martin of Morgan & Morgan Complex Litigation Group, and James M. Evangelista and David J. Worley of Evangelista Worley LLP as Class Counsel. The Court concludes that Lead Counsel and Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

13. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Class of the pendency of the Litigation, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the final approval

hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14.     The Court finds that Arby's has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## **AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS**

15.     The Court has considered Class Counsel's Motion for service awards and for attorneys' fees and costs and expenses. The Court awards Class Counsel the sum of $980,000.00 as an award of attorneys' fees and $35,000.00 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs and expenses to be fair and reasonable. The Court will set forth the reasoning for this award in a separate memorandum.

16.     The Court grants Class Counsel's request for service awards to the Representative Plaintiffs and awards $4,500.00 each to Plaintiffs Jacqueline Weiss, Joseph Weiss, Ashley Russell, Brett Barnes and Burnell Rutters.  The Court finds that this payment is justified by their service to the Settlement Class. This payment shall be paid in accordance with the Settlement Agreement.

**OTHER PROVISIONS**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, on Approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19. As of the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Representative Plaintiffs and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, personal representatives, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns, will be deemed to have

completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Arby's Restaurant Group, Inc. and the other Released Persons from the Released Claims: namely, any and all injuries, losses, damages, costs, expenses, compensation, claims, suits, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action, and liabilities of any and every kind, nature, type, description, or character, whether known and unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, of any Settlement Class Member that: (a) relate to, are based on, concern, or arise out of any allegation that Arby's or any of the other Released Persons has any liability for the Security Incident; or (b) were asserted or could have been asserted (whether individually or on a class-wide basis) in the Litigation, including without limitation, any claims alleging negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, and/or failure to provide adequate notice pursuant to any breach notification statute or common law duty, and any federal, state, or local statutory or regulatory claims, including, but not limited to, consumer protection laws and unfair and deceptive trade practice laws or other common laws or statutes of all fifty (50) states and the United States, and further

including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that any Settlement Class Member has, has asserted, could have asserted, or could assert against any of the Released Persons based on, relating to, concerning, or arising out of the Security Incident (including but not limited to the theft or compromise of Personal Information) or the allegations, facts, or circumstances described in the Litigation and/or Complaint.  In addition, upon the Effective Date, Representative Plaintiffs and each of the other Settlement Class Members shall be deemed to have waived (a) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

20. The terms of the Settlement Agreement and this Final Approval Order

and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or Complaint.  Further each Settlement Class Member, including each Representative Plaintiff, may not now or hereafter institute, maintain or assert against any of the Released Persons, either directly, indirectly, on their own behalf or on behalf of any class or other person or entity, any action, regulatory action, arbitration, or court or other proceeding of any kind asserting causes of action, claims, damages, equitable, legal and administrative relief, interest, demands, rights, or remedies against the Released Persons (including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the Released Persons), whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution, contract, common law, or any other source, that relate to any of the Released Claims, and the Settlement Class Members by operation of the Judgment are hereby permanently barred and enjoined from commencing, prosecuting, or participating in any recovery

in any action in this or any other forum in which any of the Released Claims is asserted.

21.     This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Arby's of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Arby's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.  This Final Approval Order and Judgment, the Settlement Agreement, all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Representative Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Arby's or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforce the releases contained herein).   The Settlement Agreement and Final

Approval Order and Judgment shall not be construed or admissible as an admission by Arby's that Representative Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

22. The Court hereby **DISMISSES** the Complaint and the Litigation and all claims therein on the merits and **with prejudice** and without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

23. Consistent with Paragraph 10.1 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Litigation as if the Parties

had not entered into the Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

24. The Parties shall move the appropriate court to file under seal any confidential information previously submitted or to be submitted in the future to that court.

25. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

27. Accordingly, the Clerk is hereby directed to enter this Final Approval Order and Judgment.

**ENTERED:**

DATED: June 6th 2019.    By: _____
                         The Honorable William M. Ray
                         United States District Judge