**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: Arby's Restaurant Group, Inc. Data Security Litigation | Case No. 1:17-cv-1035-WMR [Member Case] |
| CONSOLIDATED CONSUMER CASE | Case No. 1:17-mi-55555-WMR [Master Case] |

**ORDER GRANTING CONSUMER PLAINTIFFS' UNCONTESTED MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS**

This matter is before the Court on the Consumer Plaintiffs' Uncontested Motion for Attorneys' Fees, Costs, Expenses, and Service Awards. [Doc. 188/ 462]. During a hearing on June 4, 2019, the Court granted final approval of the proposed settlement. The Court has set forth its reasoning for granting final approval of the settlement in a separate order.  Similarly, the Court hereby grants the motion for fees, costs, expenses, and service awards in the amounts requested. Upon consideration of the motion, argument, the record, and for good cause shown, the Court finds and rules as follows.

1

### I.   The Amounts Requested Are Reasonable

The Court has substantial discretion in granting an award of attorneys' fees, costs, and service awards. *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011). At the outset, the Court notes that no objections have been filed in opposition to the Application, nor to the substance of the Settlement Agreement itself. [Doc. 187-1/Doc. 461-1 at 1–2]. The lack of objection is a strong indicator that both the settlement agreement and Application are reasonable and fair. *See Hamilton v. SunTrust Mortg. Inc.*, No. 13-60749, 2014 WL 5419507, at *4 (S.D. Fla. Oct. 24, 2014); *George v. Acad. Mortgage Corp. (UT)*, 1:16-CV-00471-CAP, 2019 WL 1324023, at *10 (N.D. Ga. Mar. 20, 2019).

After the parties arrived at an agreement as to the substance of the settlement, they engaged in further negotiation which yielded the amounts requested in the present motion. [Doc. 188-1/462-1 at 11; Doc. 187-1/461-1 at 18]. Specifically, the parties agreed that the Consumer Plaintiffs may seek service awards of $4,500 for each class representative, attorneys' fees totaling $980,000, and reimbursement for $35,000 of expenses without opposition from Arby's. [Doc. 188-1/462-1 at 3]. Pursuant to the terms of the settlement agreement, Arby's will pay for the settlement agreement separate and apart from these amounts, meaning none of the items asked

for here will detract from payments or relief to any settlement class member. The Court addresses each item in turn.

A. Service Awards

The Consumer Plaintiffs seek service awards of $4,500 for each of the five plaintiffs the Court designated and appointed as class representatives.[1] [Doc. 188-1/462-1 at 8]. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation." *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (quoting *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)). The awards requested here comport generally with other awards within the Eleventh Circuit. *See, e.g. CHIS, LLC v. Peerless Indemnity Ins. Co.*, C.A. No. 5:14-cv-277-MTT, 2016 WL 9185305, at *9 (M.D. Ga. Nov. 17, 2016) (approving $5,000 service award); *Barkwell v. Spirit Commc'ns Co., L.P.*, No. 4:09-CV-56 (CDL), 2014 WL 12704984, at *9 (M.D. Ga. Apr. 18, 2014) (same). In recognition of their commitment to this litigation and diligence in pursuing it, the Court **GRANTS** the

---

[1] The five individuals are Jacqueline Weiss, Joseph Weiss, Ashley Russell, Brett Barnes, and Burnell Rutters. [Doc. 177 at 4].

3

Consumer Plaintiffs' Request for a service award of $4,500 for each class representative.

### B. Costs and Expenses

The Consumer Plaintiffs seek reimbursement of $35,000 in costs and expenses incurred from the inception of this litigation through the present. Costs and expenses are routinely reimbursed in class action litigation in this Circuit. *See Poertner v. Gillette Co.*, 618 Fed. App'x 624, 631 (11th Cir. 2015). [Doc. 188-1 at 25]. As set forth in the declaration of Class Counsel [Doc. 188-2/461-2; 188-3/462-3; 188-4/462-4; 188-5/462-5], these costs and expenses are reasonable and necessary expenses incurred while pursuing this litigation. Having reviewed Plaintiffs' expenses and found them reasonable and necessary, the Court **GRANTS** Consumer Plaintiffs' request for reimbursement of $35,000 in costs and expenses.

### C. Attorneys' Fees

Finally, the Consumer Plaintiffs seek an award of $980,000 in attorneys' fees. [Doc. 188-1/462-1 at 10]. This amount represents the product of arm's length negotiations between the parties after they had agreed on the substantive relief offered to class members in the settlement agreement. [Doc. 188-1/462-1 at 11; Doc.

187-1/461-1 at 18]. When parties engage in arm's length negotiations to arrive at a mutually agreeable amount of attorneys' fees, the Court should give considerable weight to the parties' agreement. *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 720 (5th Cir. 1974); *Champs Sports Bar & Grill Co. v. Mercury Payment Sys., LLC*, 275 F. Supp. 3d 1350, 1356 (N.D. Ga. 2017).

Courts generally analyze the reasonableness of attorneys' fees using one of two approaches. Where class action settlements involve a common fund, courts typically base an award of attorneys' fees on the percentage of the common benefit recovered. *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). In this case, when adding the requested fee, litigation expenses, and costs of administration to the $2 million aggregate cap for claims, Arby's will provide a total potential benefit to the class of up to $3,306,000. *See*, *e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 354 (N.D. Ga. 1993) (holding that defendant's "payment of administrative expenses and attorney's fees" should be "included in the Court's calculation of the amount of the common fund" because it "inures to the benefit of the class."). Attorneys' fees therefore represent approximately 29.6% of that recovery. [Doc. 188-1/462-1 at 3]. This percentage falls within the range routinely awarded in the Eleventh Circuit. *See Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1193–94 (11th Cir. 2019) (affirming

attorneys' fee award amounting to 33% of the common fund); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1292–98 (11th Cir. 1999) (same); *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1257 (S.D. Fla. 2016) ("[A] fee award of 33% . . . is consistent with attorneys' fee awards in federal class actions in [the Eleventh] Circuit.").

In other circumstances, courts use a "lodestar" calculation, which is simply a measure of counsels' reasonable hourly rates multiplied by the number of hours reasonably expended in prosecuting the claim. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). Here, the Plaintiffs have asserted a violation of the Georgia Fair Business Practices Act, which provides for an award of reasonable attorneys' fees, costs and expenses of litigation incurred in connection with the case. *See* O.C.G.A. §10-1-399(d); *see also Dikeman v. Progressive Exp. Ins. Co.*, 312 Fed. App'x 168, 172 (11th Cir. 2008) (noting that due to Fair Credit Reporting Act's fee-shifting provision, court may use lodestar analysis to calculate fee award, or at least "double-check the result of the percentage-of-the-common-fund method," after settlement). This fee-shifting provision applies "irrespective of the amount in controversy." *Compare* O.C.G.A. §10-1-399(d) *with In re Porter*, No. 10-13553, 2014 WL 585962, at *4 (Bankr. E.D. La. Feb. 14, 2014) ("the starting point should be the lodestar approach" for determining reasonable attorneys' fee pursuant to

analogous fee-shifting provision in the Massachusetts Unfair Trade Practices Act). Even when utilizing the percentage of the common fund approach, courts may consider the lodestar to cross-check the reasonableness of fees. *See Cox v. Cmty. Loans of Am.*, File No. 4:11-CV-177-CDL, 2016 WL 9130979, at *3 (M.D. Ga. Oct. 6, 2016).

The Court has reviewed the declaration of Class Counsel [Doc. 188-2/ 462-2; 188-3/462-3; 188-4/462-4; 188-5/462-5]. Given its knowledge of the relevant legal market and the history of this litigation, in the absence of any opposition, the Court has determined that the hourly rates and amount of time expended in pursuit of this matter described in the declaration are reasonable for a case of this nature. When they filed their Application, Class Counsels' lodestar amount was $1,889,024.30. [Doc. 188-1/462-1 at 16]. The amount of attorneys' fees requested by Class Counsel represent approximately half this amount. This fact, standing alone, strongly suggests that the amount of fees requested here are reasonable and fair. *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007).

Under either the percentage of the common fund or the lodestar approach, the Eleventh Circuit uses the multi-factored test set forth in *Camden I*[2] to determine

---

[2] The twelve factors are:

whether attorneys' fees are reasonable. *Dikeman*, 312 Fed. App'x at 172. None of the factors counsel against the requested award.[3] At least six factors are particularly relevant here: the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform to achieve settlement, the contingent nature of recovery, the results obtained, and awards in similar cases. *Camden I*, 946 F.2d at 772 n.3.

Consumer class action litigation is complex and difficult to prosecute. *Francisco v. Numismatic Guar. Corp. of Am.*, No. 06-61677, 2008 WL 649124, at *15 (S.D. Fla. Jan. 31, 2008); *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, MDL No. 8:11-mn-02000-JMC, 2015 WL 12844448, at *2 (D.S.C. Apr. 23, 2015). The time and labor required to bring this matter to

---

(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3 (citing *Johnson*, 488 F.2d at 717–19). Not every factor applies in every case. *Usleton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993).

[3] The Court agrees with the Consumer Plaintiffs that factors seven and eleven are inapplicable here. [Doc. 188-1 at 12].

resolution is reflected in counsels' lodestar referenced above, a factor strongly supporting the requested fee.

Further, data breach litigation involves the application of unsettled law with disparate outcomes across states and circuits. Georgia law, in particular, presents challenges. *See generally McConnell v. Ga. Dep't of Labor*, ---- S.E. 2d ----, 2019 WL 2167323 (Ga. May 20, 2019); *Collins v. Athens Orthopedic Clinic*, 347 Ga. App. 13, 16 (2018) (physical precedent only), *cert granted* (Apr. 29, 2019).  Arby's has repeatedly argued that there is a paucity of data breach cases where certification of a contested class has been granted. *See, e.g. In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21, 33 (D. Me. 2013).  Illustrating the time, labor, and complexity involved in cases like this, the Court notes that the parties in the consolidated financial institution have requested 20,000 words (an estimated 80-90 pages) with which to brief class certification in that track. [*See* Docket 1:17-mi-55555-WMR, Doc. 469].

Arby's has itself been represented by highly-skilled attorneys at Orrick, Herrington & Sutcliffe, LLP and Rogers and Hardin, LLP. The Court notes that one of those attorneys, Douglas Meal, was counsel of record in the recently-reported case of *In re SuperValu, Inc. Customer Data Security Breach Litigation*, where the appellate court affirmed the dismissal of all the consumer plaintiffs' claims in a

9

putative class action alleging the theft of payment card data from retail grocery stores. *See generally id.*, 18-1648, 2019 WL 2306267, at *1 (8th Cir. May 31, 2019). That Class Counsel were able to navigate such difficult issues and resolve this case favorably for the Class in the face of such opposition supports the requested award of attorneys' fees.

Relatedly, despite the risks outlined above, Class Counsel pursued this action on a contingency basis. [Doc. 188-1/462-1 at 20]. They assumed the risk of nonpayment or underpayment to take this case. *Lunsford v. Woodforest Nat'l Bank*, No. 1:12-CV-103-CAP, 2014 WL 12740375, at *14 (N.D. Ga. May 19, 2014); *In re Friedman's, Inc. Sec. Litig.*, No. 1:03-CV-3475-WSD, 2009 WL 1456698, at *3 (N.D. Ga. May 22, 2009). Assuming the risks involved with taking a complex class action on a contingency fee "can support a fee award of over 30% of the settlement fund." *Morgan*, 301 F. Supp. 3d at 1253. The risk of non-payment based upon the contingent nature of recovery in this case supports the requested award of attorneys' fees.

Importantly, as set forth in their Motion for Final Approval of the Settlement and the Application, the results obtained in this case are in line with similar databreach settlements, including the *Home Depot*, *Target*, and *Wendy's* cases. [*See* Doc. 187-1/461-1, at 19-21]. This factor also supports the requested award.

Finally, the percentage of attorneys' fees requested here comports with awards in similar cases within the circuit. [Doc. 188-1/462-1, at 21–23]. In *In re Home Depot, Inc. Customer Data Security Breach Litigation*, the Court awarded attorneys' fees of "about 28% of the monetary benefit conferred on the Class." *Id.*, 1:14-MD-02583-TWT, 2016 WL 11299474, at *2 (N.D. Ga. Aug. 23, 2016). Awards of up to 33% of the common fund are not uncommon in the Eleventh Circuit, and especially in cases where Class Counsel assumed substantial risk by taking complex cases on a contingency basis. *Lundsford*, 2014 WL 12740375, at *15 (collecting cases awarding one-third in the Northern District of Georgia). The Court agrees with the Consumer Plaintiffs that the requested attorneys' fee award comports with those awarded in similar cases. This factor also supports the conclusion that the requested fee of $980,000, which represents the full amount agreed to by the parties, is reasonable under the *Camden I* factors. Accordingly, the Court **GRANTS** the Consumer Plaintiffs' request for an award of $980,000 in attorneys' fees.

### III.  Conclusion

Based on the findings above, the Court finds all amounts requested by the Consumer Plaintiffs — $4,500 in service awards for each class representative, $35,000 in costs and expenses, and $980,000 in attorneys' fees — are fair and

reasonable. Accordingly, Consumer Plaintiffs' Uncontested Motion for Attorneys' Fees, Costs, Expenses, and Service Awards is **GRANTED**.

**IT IS SO ORDERED**, this 6th day of June, 2019.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE